(C. D. 617)

HENRY SELIGMAN *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 20, 1942)

*Puckhafer, Rode & Rode* (*Howard C. Carter* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This suit against the United States is brought by an importer of merchandise who seeks a refund of duty paid upon an importation of unfinished needlepoint tapestries from Belgium. The merchandise was packed in two cases, Nos. JB 125 and JB 126. Case marked and numbered JB 126 was sent to the appraiser's stores for examination under authority of section 499 of the Tariff Act of 1930, as amended by section 15 of the Customs Administrative Act of 1938, which provides that not less than 1 package of every invoice and not less than 1 package of every 10 packages of merchandise shall be designated by the collector of customs to be opened and examined for the purpose of appraisement and sent to the appraiser's stores or other place for such purpose. The remaining case was delivered to the importer's place of business.

Upon examination of case JB 126 the examiner found 24 pieces in excess of the amount invoiced as contained in that package, and assessed duty thereon in accordance with the provisions of said section 499 relative thereto, which are in the following language:

If any package is found by the appraiser to contain any article not specified in the invoice and he reports to the collector that in his opinion such article was omitted from the invoice with fraudulent intent on the part of the seller, shipper, owner, or agent, the contents of the entire package in which such article is found shall be liable to seizure, but if the appraiser reports that no such fraudulent intent is apparent then the value of said article shall be added to the entry and the duties thereon paid accordingly.

In the instant case the summary sheet contains a notation "No fraud apparent." Therefore the collector added the value of the articles found in excess to the entry and duty was assessed upon that amount.

The importer testified that he examined the two cases together at his place of business and checked both cases from an invoice that he received, which he produced in evidence as exhibit 1, and that the entire quantity contained in the two cases corresponded with the total quantity on his commercial invoice (exhibit 1). It is noted that in exhibit 1 the articles are not separated according to cases, but the total quantity of the shipment is given.

This witness further testified that he had a conversation with the Government examiner of this merchandise who has since died, and

that as a result of that conversation he wrote a letter to the examiner stating that the total contents of the two cases corresponded to the total on the commercial invoice. This letter was received in evidence and marked exhibit 2, and is as follows:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

For your information the contents of cases 125/6 were checked against my invoice of June 30th which does not show any separation of the contents. The contents of the two cases agreed exactly with the above mentioned invoice and I did not make a record of the individual contents of each case.

The Government introduced the testimony of a customs guard, formerly employed as a verifier, opener and packer in the division of the Government examiner of this merchandise. This witness identified a paper entitled "Report of Verification of Examination Package," a report on case JB 126 herein involved, which was received in evidence and marked exhibit 3. He also stated that he did not examine case JB 125, the other case covered by this shipment.

According to this exhibit 3 the packages in excess are stated to be as follows:

```
19   #5359
 3   #5352 S
 2   #5352 A
```

The numbers of the pieces are evidently the manufacturer's or catalog numbers.

An examination of the consular invoice shows the following number of pieces corresponding to the catalog numbers given above and the cases in which they were packed:

| Case No. JB 125 | | Case No. JB 126 | |
|---|---|---|---|
| 25 | #5359 | 2 | #5359 |
| 0 | #5352 S | 5 | #5352 S |
| 0 | #5352 A | 3 | #5352 A |

The total number of pieces bearing the above numbers listed in both cases, therefore, are as follows:

```
27   #5359
 5   #5352 S
 3   #5352 A
```

The consular invoice shows that the examiner found the following in case 126:

```
21 pieces  #5359
 8    "    #5352 S
 5    "    #5352 A
```

By reference to the commercial invoice (exhibit 1) we find the total number of pieces in the shipment corresponding to the numbers invoiced are as follows:

```
27   #5359
 5   #5352 S
 3   #5352 A
```

These totals are the same as those given on the consular invoice.

It is therefore apparent both from the testimony and the exhibits in evidence that the total quantity of merchandise shown on the invoice agreed with the quantity received, as claimed by the importer. We therefore find that the claim of the plaintiff is well founded and that the excess duty was improperly assessed.

Judgment will be rendered accordingly.